# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 1247 | DATE | 10/26/2004 |
| CASE TITLE | Brian Reed et al. vs. The TJX Companies, Inc., d/b/a Marshalls | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons discussed on the attached opinion and order, Defendant's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss [Doc. No. 5] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 27 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| mvf(lc) | courtroom deputy's initials | 2004 OCT 26 PM 3:06 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN REED, on behalf of himself and all )
other Plaintiffs similarly situated known and )
unknown )
)
)
Plaintiff, )
) No. 04 C 1247
v. )
) HONORABLE DAVID H. COAR
THE TJX COMPANIES, INC., d/b/a )
MARSHALLS )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER



Before this Court is Defendant's Federal Rule of Civil Procedure 12(b)(1) Motion to Dismiss.

**I.  Facts**

Plaintiff Brian Reed (hereinafter "Plaintiff" or "Reed") worked as an hourly sales associate and merchandise processing coordinator at Marshalls discount clothing store from July 2002 until his termination in August 2003. Marshalls is owned by The TJX Companies, Inc. (hereinafter "Defendant" or "TJX Co.").

Reed brings this lawsuit under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*  He alleges that during his tenure at Marshalls, he was required to clock in and out during his lunch break, but to



continue working without pay for that time. Moreover, he asserts that because of this practice, he sometimes worked in excess of forty hours per work week, without receiving appropriate compensation.

## II. Analysis

Defendant moves this court to dismiss Plaintiff Reed's action for lack of subject matter jurisdiction. In late March 2004, Defendant offered Reed $500 to settle this lawsuit. Defendant bases this motion to dismiss on its assertion that its offer of $500 fully satisfies Reed's claim, thereby eliminating any actual case or controversy between the parties as required by Article III of our Constitution. Reed denies this assertion and argues that TJX Co.'s offer does not satisfy his claim fully. Moreover, Reed alleges that TJX Co. made its offer in bad faith, simply to pay off the named representative of a potential class action and thereby to defeat the formation of the class. Defendant provides supplementary material to explain how it arrived at the amount it offered Reed as settlement of his claims. Nichols Decl. Defendant also alleges that Reed has not disputed TJX Co.'s calculation of damages. This is incorrect. Reed asserts that TJX Co.'s supplementary material regarding its method of calculating the proposed settlement amount is incomplete. Specifically, Reed alleges that TJX Co. based its calculations on declarant Rachel Nichols' unsupported statement that she "identified all of [Reed's] time reports that reflected that his time report had been edited." Nichols Decl. ¶ 13. TJX Co. does not clarify how Ms. Nichols identified that a particular time report had been edited nor how she determined that other time reports had not been edited. In addition, Reed argues that his claim asserts that he was asked to clock in and out for a lunch break while he continued, in actuality, to work. In those situations, his time report would show no "editing," but he would have continued to work without pay and,

in some instances, exceeded a 40-hour work week. Defendant has offered no indication that it took such circumstances into account in its calculations nor has it offered any indication of how it might make such a determination. As such, Reed has and does dispute that TJX Co.'s $500 offer would compensate him fully for his claims. It is not for this court to engage in extensive fact determination at this preliminary stage of litigation. To attempt to determine whether TJX Co.'s offer of $500 fully compensates Reed for his claim would require just such a far-reaching and supposition-laced inquiry.

Defendant relies on a decision from the Middle District of Florida to support its contention that this Court should dismiss the instant action. MacKenzie v. Kindred Hospitals East, L.L.C., 276 F. Supp. 2d 1211 (M.D. Fla. 2003). The decisions of other districts provide persuasive indications of how other peer courts have interpreted similar legal questions, but this Court is not bound to follow the Middle District of Florida or any other sister court. In the instant case, this Court finds the MacKenzie decision distinguishable and therefore declines to adopt its reasoning. In MacKenzie, the magistrate judge issued a report and recommendation, which was adopted by the district court, finding that defendant's offer compensated plaintiff "in full for his alleged damages." MacKenzie, 276 F. Supp. 2d at 1213. In support of his finding that the offer rendered plaintiff's claim moot, the magistrate emphasized that plaintiff "has failed to identify any similarly situated individual who has expressed an interest in filing a written consent to join this lawsuit." Id. In the case at bar, however, the court cannot determine that TJX Co.'s offer fully compensates plaintiff for his damages. Furthermore, unlike the plaintiff in MacKenzie, Reed has identified two similarly situated individuals who have filed written consents with this court to join this lawsuit.

The other cases on which Defendant relies likewise are inapposite. The first Seventh Circuit case cited by Defendant, Greisz v. Household Bank (Ill.), N.A., 176 F.3d 1012 (7th Cir. 1999), arises under the Truth in Lending Act ("TILA"), in which there is a statutory-cap on plaintiff's potential recovery. The second, Holstein v. City of Chicago, 29 F.3d 1145 (7th Cir. 1994), addresses an alleged due process violation under the municipal code provisions for car towing, in which the amount of plaintiff's claim was limited to his damages from the ticket and towing fees. Id. at 1147. Under these cases, when a defendant makes a Rule 68 offer equal to the statutory cap or the amount of damages claimed by plaintiff, there is nothing further a plaintiff can recover.[1] As Judge Posner noted in Greisz, "You cannot persist in suing after you've won." Greisz, 176 F.3d at 1015. Reed's cause of action, however, is not subject to a statutory cap. Therefore, this court cannot compare TJX Co.'s settlement offer against the statutory language and determine that there is nothing more Reed might be entitled to recover. It is not clear in this case, as it was in Greisz, that Reed has "won." Moreover, in keeping with the standard of review on motions to dismiss, it is not unreasonable to infer that Reed will be able to show he is entitled to more than $500 in back pay and overtime. Defendant argues, however, that Holstein should control the case at bar, because "once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Federal Rule of Civil Procedure 12(b)(1), because he has no remaining stake."

---

[1] TJX Co. also cites an unpublished case from this court, Letellier v. First Credit Services, Inc., No. 00 C 6316, 2001 U.S. Dist. LEXIS 10288 (N.D. Ill. July 20, 2001), in support of its motion to dismiss. A careful reading of Letellier, followed by a review of Greisz, would suggest caution to a party seeking to rely on these cases. Each involved putative class actions brought by the same attorney, whose performance is criticized harshly. Each also involved a class action lawsuits under statutes with statutory recovery caps, defendants who made a Rule 68 offer of at least the statutory maximum, and bumbling or disingenuous conduct by plaintiff's attorney. None of these circumstances has been alleged in the instant case.

Holstein, 29 F.3d at 1146. Without disputing this principle, this Court is unable to find that TJX Co. has offered to satisfy Reed's entire demand or that there is no dispute over which to litigate.

Of particular concern in this case is the ability of defendant purposefully to moot the class action complaint between the time of filing and class notification or certification. See, e.g., Crisci v. Shalala, 169 F.R.D. 563, 568 (S.D.N.Y. 1996); Goetz v. Crosson, 728 F. Supp. 995, 1000 (S.D.N.Y. 1990). Reed asserts that TJX Co.'s defense strategy creates a virtually unwinnable situation for plaintiffs in collective or class action lawsuits. Defendant makes an offer of "judgment" to Plaintiff, then alleges that the action is moot. Plaintiff therefore must either pursue discovery very early in the case, when a court likely will deem it premature, or seek class certification and/or notice before discovery, which runs the risk of harming the interests of those as-yet undiscovered class members. In cases where there are statutory ceilings on recoverable damages, such a strategy may be effective and yet still protect the interests of a plaintiff. See, e.g., Greisz, 176 F.3d 1012; Holstein, 29 F.3d 1145. In a situation such as the instant case, where there are no statutory caps on damages and where substantial discovery may be necessary before damages can be determined with any degree of certainty, such a strategy allows defendants to bar the courtroom door. This court finds such a result inappropriate at this early stage in litigation.

## III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is denied.

Enter:

*[signature]*

David H. Coar
United States District Judge

Dated: **October 26, 2004**